Filed 9/29/16  P. v. Perkins CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B269018 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA044804) |
| v. | |
| MICHAEL C. PERKINS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Christopher G. Estes, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung L. Mar and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Michael Perkins (defendant) urges that his recent success in reducing his 1992 conviction for receiving stolen property (Pen. Code, § 496)[1] from a felony to a misdemeanor under Proposition 47 (§ 1170.18) means that he is entitled to have a 2009 sentence for a separate crime reduced by one year because the 1992 conviction added a year to that sentence as a prior felony conviction for which he served a prison term (§ 667.5, subd. (b)). This issue is pending before our Supreme Court,[2] but every decision we may still cite has rejected defendant's argument. (E.g., *People v. Jones* (2016) 1 Cal.App.5th 221, 230, review granted Sept. 14, 2016, S235901 (*Jones*).) We do the same, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 1992, defendant was convicted of receiving stolen property. In 2009, defendant was convicted by plea of making criminal threats. (§ 422.)[3] As part of his plea deal, he admitted three prior felony convictions for which he served time in prison; one of those prior convictions was his 1992 receiving stolen property conviction. The trial court sentenced defendant to nine years in state prison, comprised of six years for the criminal threats count and one year for each of the prior prison terms.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted March 30, 2016, S232900; *People v. Ruff* (2016) 244 Cal.App.4th 935, review granted May 11, 2016, S233201; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted April 27, 2016, S233011; *People v. Williams* (2016) 245 Cal.App.4th 458, review granted May 11, 2016, S233539.

[3]     Defendant was also charged with petty theft with a prior (§ 666), simple battery (§§ 242 & 243), and burglary (§ 459). Those charges were dismissed as part of his plea.

In 2015, defendant filed a motion to have his 1992 receiving stolen property conviction redesignated as a misdemeanor pursuant to the newly enacted Proposition 47. That motion was granted.[4]

Later that year, defendant filed a motion to have the sentence imposed in the 2009 criminal threats case reduced by one year on the ground that the 1992 prior conviction used as a prior prison term was no longer a felony. The trial court denied defendant's motion.

Defendant filed this timely appeal.[5] Defendant concurrently filed a petition for writ of habeas corpus challenging the trial court's denial. Because they raise the same issue, we exercise our discretion and consider the merits of defendant's appeal and his habeas petition together. We dispose of the habeas petition in a separately filed order.

## DISCUSSION

Defendant argues that Proposition 47 renders a felony conviction redesignated under its auspices a "misdemeanor for all purposes" (§ 1170.18, subd. (k)), and thereby requires a trial court to reduce sentences imposed for crimes unaffected by Proposition 47

---

[4] The trial court originally redesignated a burglary count that had been charged but dismissed. We called this error to the court's attention, and the court subsequently entered a nunc pro tunc order redesignating the receiving stolen property offense.

[5] The People contend that this court lacks jurisdiction on direct appeal to consider the trial court's order denying defendant's Proposition 47 motion, on the grounds that it constitutes an appeal from a nonappealable postjudgment motion to modify a judgment. Although this issue is pending before our Supreme Court (*People v. Gratton*, review granted Apr. 27, 2016, S233057), in the interim we conclude that the order denying defendant's motion is appealable as a postjudgment order "affecting [his] substantial rights." (§ 1237, subd. (b) [defendant may appeal any postjudgment order "affecting the substantial rights of the party"]; cf. *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600-601 [postjudgment order denying a petition for resentencing under Proposition 36 is an appealable order under section 1237, subdivision (b), even if petitioner is not ultimately eligible for resentencing].) In the alternative, we have the discretion to construe defendant's appeal as a petition for a writ of habeas corpus with respect to the 2009 sentence he is still serving, and we exercise that discretion. (*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4.)

if those sentences were enhanced by prior convictions redesignated under the proposition. He also argues that equal protection compels this reading of the statute. Questions of statutory interpretation, questions of constitutional law, and questions involving the retroactivity of statutes are all reviewed de novo. (*Raef v. Appellate Division of Superior Court* (2015) 240 Cal.App.4th 1112, 1120; *In re Marriage of Fellows* (2006) 39 Cal.4th 179, 183.)

Proposition 47 redesignates as misdemeanors "certain drug- and theft-related offenses" that were charged and sentenced as felonies.[6] (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Defendant's appeal presents two questions: (1) Does Proposition 47 entitle a defendant to a reduction in sentences that were enhanced by felonies later redesignated as misdemeanors; and (2) if not, does equal protection compel that result? As we explain below, the answer to both questions is no.

## I.     Interpreting Proposition 47

Although the text of Proposition 47 does not directly address whether the redesignation of a felony as a misdemeanor entitles a defendant to seek resentencing in any cases where felony-cum-misdemeanor had been used as an enhancement, the text indirectly dictates that it does not. We reach this conclusion for two reasons. First, Proposition 47 expressly spells out two instances in which relief is available: (1) for defendants who are "currently serving a sentence," and who seek to "recall" that sentence and obtain a resentencing (§ 1170.18, subds. (a) & (b)); and (2) for defendants who have "completed [their] sentence" and who seek to have the felony re-"designate[d]" as a misdemeanor (*id.*, subds. (f) & (g)). Proposition 47 does not provide for resentencing of a felony unaffected by Proposition 47 just because a redesignated felony was used as an enhancement. We give this omission conclusive weight because Proposition 47

---

[6]     The redesignated offenses are defined in sections 459.5, 473, 476a, 490.2, 496 and 666 as well as in Health and Safety Code sections 11350, 11357 and 11377. (§ 1170.18, subds. (a) & (b).)

elsewhere provides that it is not "intended to diminish or abrogate the finality of judgments in any case not falling within [its] purview." (*Id.*, subd. (n); accord, *Jones*, *supra*, 1 Cal.App.5th at pp. 228-230, review granted.) Second, Proposition 47's language that a redesignated felony is a "misdemeanor for all purposes" is borrowed from section 17, the provision addressing the redesignation of "wobbler" offenses as misdemeanors. (§ 17.) In the context of section 17, "when a wobbler is reduced to a misdemeanor . . . , the offense *thereafter* is deemed a 'misdemeanor for all purposes.'" (*People v. Park* (2013) 56 Cal.4th 782, 795 (*Park*), italics added.) It becomes "a misdemeanor from th[e] point [of redesignation] on" (*People v. Feyrer* (2010) 48 Cal.4th 426, 439), but the redesignation is "not . . . given retroactive effect" (*People v. Moomey* (2011) 194 Cal.App.4th 850, 857; *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1482). Because we must generally construe similar language similarly when it arises in a similar context (*People v. Cornett* (2012) 53 Cal.4th 1261, 1269, fn. 6), section 17's rule of non-retroactivity applies with equal force to Proposition 47.

Defendant raises a number of arguments in response. First, he argues that the uncodified portion of Proposition 47 directs that it be "liberally construed" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 15 & 18) and that the purpose of Proposition 47 is to stop wasting money on imprisonment for lower level crimes (*id.*, §§ 2 & 3). Neither argument is persuasive. It is well settled that a "legislative intent in favor of the retrospective operation of a statute cannot be implied from the mere fact that the statute is remedial and subject to the rule of liberal construction." (*Di Genova v. State Board of Education* (1962) 57 Cal.2d 167, 174.) And our Supreme Court recently observed that Proposition 47's "purpose of saving money does not mean that we should interpret the statute in every way that might maximize any monetary savings." (*People v. Morales* (2016) 63 Cal.4th 399, 408.)

Second, defendant attempts to distinguish Proposition 47 from section 17. Proposition 47, he notes, has a single exception to its otherwise global declaration that a redesignated felony is a misdemeanor for all purposes—namely, that redesignation "shall

not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction" under provisions governing possession of firearms by prohibited persons. (§ 1170.18, subd. (k).) The inclusion of this exception, defendant reasons, precludes all others. We disagree. Section 17 also has several exceptions to the effect of redesignation under its auspices (e.g., *Park*, *supra*, 56 Cal.4th at pp. 794-795), and those exceptions have not been interpreted to abrogate section 17's purely prospective application.

Third, defendant contends that Proposition 47 should be construed retroactively under the principles of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). *Estrada* erects a "reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (*People v. Brown* (2012) 54 Cal.4th 314, 324 (*Brown*); *Estrada*, at p. 744.) Although redesignation of a felony as a misdemeanor ostensibly "mitigat[es] . . . punishment," *Estrada* applies only to "nonfinal" judgments and defendant's 1992 conviction became final a long time ago when the availability for review of that conviction expired. (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1464-1465 (*Smith*) [conviction becomes final when time to appeal and file a petition for writ of certiorari expires].)[7]

Fourth, defendant points to cases that he contends dictate a result in his favor notwithstanding the text of Proposition 47. Specifically, he cites *Flores*, *supra*, 92 Cal.App.3d 461 and *In re Chavez* (2004) 114 Cal.App.4th 989, 1000 (*Chavez*). In *Flores*, the defendant sought to overturn a long-final marijuana possession conviction used to enhance a later drug-related conviction on the basis of subsequent legislation that reduced the penalty for marijuana possession crimes and mandated that records of arrests and convictions pertaining to those crimes be destroyed. (*Flores*, at pp. 471-472.) *Flores*

---

[7] Although *People v. Flores* (1979) 92 Cal.App.3d 461, 470-471 (*Flores*) suggests a different definition of finality—namely, that "the effect of [a] prior conviction is not final as long as the defendant has the right [to] appeal from the enhanced sentence" imposed due to that conviction—we reject that definition as inconsistent with *Estrada*'s definition.

held that the defendant was entitled to that relief because the Legislature's mandate that court records be destroyed evinced a clear intent that those records—and the convictions they recorded—not be used to enhance future sentences. (*Id.* at pp. 473-474.) No such clear intent exists with Proposition 47. *Chavez* held that a defendant sentenced under our State's then-indeterminate sentencing law and whose conviction had become final was nevertheless entitled to resentencing under the new determinate sentencing law because (1) the Legislature had expressed an intent to make the new law retroactive, and (2) equal protection principles counseled in favor of extending the Legislature's entirely new approach to sentencing to final convictions. (*Chavez*, at pp. 991, 1000.) Because, as discussed above, Proposition 47 lacks indicia of an intent to be applied retroactively and because, as discussed below, Proposition 47 does not offend equal protection, *Chavez* is not persuasive.

Lastly, defendant urges us to apply the rule of lenity and to resolve all doubts in his favor because he is the defendant in a criminal case. However, """"the rule of lenity is a tie-breaking principle, of relevance when '"two reasonable interpretations of the same provision stand in relative equipoise."' [Citation.]"""" (*People v. Boyce* (2014) 59 Cal.4th 672, 695.) It does not apply where, as here, the law is clearly against the defendant. (*Ibid.*)

## II. Equal Protection

"Even where the Legislature expressly intends an ameliorative provision to apply prospectively, constitutional considerations may require that it be applied retroactively." (*Chavez*, *supra*, 114 Cal.App.4th at p. 1000; see *Smith*, *supra*, 234 Cal.App.4th at pp. 1466-1467.) Both the United States and California Constitutions guarantee the equal protection of the laws. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7; see *In re Evans* (1996) 49 Cal.App.4th 1263, 1270 [noting that "[t]he scope and effect of the two clauses is the same"].) This guarantee assures that the Legislature and voters cannot """"adopt[] a classification that affects two or more *similarly situated* groups in an unequal manner"""" (*Brown*, *supra*, 54 Cal.4th at p. 328) unless the classification has a "'rational relationship to a legitimate state purpose'"—at least where, as here, that classification

7

does not involve a suspect class or a fundamental right (*People v. Singh* (2011) 198 Cal.App.4th 364, 369).

Defendant argues that refusing to give a Proposition 47 redesignation retroactive effect sets up two classes of defendants: (1) those sentenced in the past, who are unable to avoid enhancements based on prior felony or wobbler convictions (because the redesignations they obtain on those prior convictions do not apply retroactively); and (2) those sentenced *now*, who are able to avoid enhancements based on prior felony or wobbler convictions (because the redesignations they obtain on those prior convictions apply prospectively). What distinguishes these two classes of defendants is whether the defendants were able to seek redesignation before or after the current sentence was imposed, which in turn is a function of the date Proposition 47 took effect. However, it is well settled that a "'reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection.'" (*People v. Floyd* (2003) 31 Cal.4th 179, 189; see also *Smith*, *supra*, 234 Cal.App.4th at p. 1468 ["'a statute ameliorating punishment for particular offenses may be made prospective only without offending equal protection'"].) This makes sense because a classification defined by the date an ameliorative statute takes effect rationally furthers the state's legitimate interest in "assur[ing] that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." (*In re Kapperman* (1974) 11 Cal.3d 542, 546.)

We are not alone in our conclusion that the non-retroactivity of Proposition 47 complies with equal protection. (Accord, *Jones*, *supra*, 1 Cal.App.5th at pp. 230-232, review granted.)

## III.    Conclusion

Because an enhancement for a prior prison term is contingent upon "proof that the defendant . . . was previously convicted of a felony" (*People v. Tenner* (1993) 6 Cal.4th 559, 563), and because the redesignation of a felony under Proposition 47 does not operate retroactively, there is no basis to disturb the prior prison term enhancement imposed in 2009 because defendant's 1992 conviction was a felony at that time.

8

## DISPOSITION

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

 

 

_____, J.

HOFFSTADT

We concur:

 

_____, Acting P. J.

ASHMANN-GERST

 

_____, J.

CHAVEZ