Filed 7/7/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063745 |
| v. | (Super.Ct.No. FVA1301982) |
| CASEY JONES, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed in part; reversed in part with directions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Casey Jones, Jr., appeals an order denying his petition to designate his conviction for burglary (Pen. Code, § 459) as misdemeanor shoplifting (§ 459.5)[1] under section 1170.18, which California voters enacted as part of The Safe Neighborhoods and Schools Act (Proposition 47). Jones also appeals the order denying his motion to strike the one-year prison prior enhancement (§ 667.5, subd. (b)) imposed in this case on the basis of a conviction in a prior case which the superior court had previously designated a misdemeanor. Jones contends the superior court erred by inadvertently denying his petition to designate the burglary conviction a misdemeanor and by denying his motion to strike the enhancement because the redesignated misdemeanor conviction could not have supported an enhancement had Proposition 47 been in effect at the time of his offenses.

Proposition 47 creates a procedure for offenders to obtain reclassification and resentencing on convictions on a retroactive basis, but does not provide a similar procedure for striking or dismissing sentence enhancements retroactively. As a result, we conclude the superior court did not err in refusing to strike the prison prior enhancement. However, we conclude the superior court erred in summarily denying Jones's petition to have his burglary conviction reclassified as misdemeanor shoplifting. We therefore affirm in part, reverse in part, and remand for further proceedings.

---

[1] Unlabeled statutory citations refer to the Penal Code.

**FACTUAL BACKGROUND**

In case No. FVA1301982, prosecutors charged Jones with one felony count of commercial burglary (§ 459, count 1), one felony count of petty theft with three priors (§ 666, subd. (a), count 2), one misdemeanor count of assault on a police animal (§ 600, subd. (a), count 3), and two felony counts of resisting an executive officer (§ 69, counts 4, 5). The complaint alleged Jones had two prison priors. (§ 667.5, subd. (b).)

In the commercial burglary count, the prosecution alleged "On or about November 6, 2013 . . . the crime of SECOND DEGREE COMMERCIAL BURGLARY, in violation of PENAL CODE SECTION 459, a felony, was committed by Casey Jones Jr, who did enter a commercial building occupied by Walgreens with the intent to commit larceny and any felony." According to a police incident report, Jones was arrested because he "walked into the Walgreens business and placed miscellaneous items into his pants pockets and waistband and walked out of the business without paying for them." The report indicates Jones stole three packages of Dove body wash and one 6-pack of Dove body soap. Together, the items were worth $35.46.

Regarding the prison priors, the prosecution "further alleged as to count(s) 1, 2, 4, 5 pursuant to Penal Code section 667.5(b) that the defendant(s) Casey Jones Jr, has suffered . . . prior conviction(s)" in "Court Case FVI1202922 [for violating] PC459" and in "Court Case FSB1302227 [for violating] PC 666(A)," and "a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did

3

not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term."

On November 22, 2013, Jones pled guilty to the commercial burglary count, the two resisting an executive officer counts, and admitted the prison prior allegation related to case No. FSB1302227. On motion of the prosecution, the trial court dismissed counts 2 and 3 and struck the prison prior allegation related to case No. FVI1202922. The trial court sentenced Jones to the upper term of three years in county jail for the burglary conviction, two concurrent upper terms of three years for the resisting an executive officer convictions, and a consecutive one-year enhancement for the prison prior. The trial court ordered two years six months of the sentence suspended and imposed mandatory supervision for the same period. However, on March 5, 2014, the trial court found Jones had violated the conditions of mandatory supervision and ordered him to serve 730 days in county jail.

On November 4, 2014, the voters of California passed Proposition 47, reducing some felony theft-related offenses to misdemeanors when the value of the stolen property does not exceed $950. (E.g., §§ 459.5, subd. (a) [redefining some theft as shoplifting], 490.2, subd. (a) [redefining some grand theft offenses as petty theft].) The initiative also created a procedure allowing offenders "who would have been guilty of a misdemeanor under [Proposition 47] had [the] act been in effect at the time of the offense" to file a petition (or application) in the trial court that entered the judgment of conviction "to have the felony conviction or convictions designated as misdemeanors" if the offender has

4

completed serving his or her sentence (§ 1170.18, subd. (f)) or "to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added" by Proposition 47. (§ 1170.18, subd. (a).)

Jones filed a Proposition 47 petition in a prior case (No. FSB1302227), requesting the conviction treated as a prison prior in this case (No. FVA1301982) be designated a misdemeanor. On April 24, the trial court granted the petition in the prior case and ordered his felony conviction for violating section 666 reduced to a misdemeanor under section 1170.18.[2]

On April 10, 2015, Jones submitted a petition in this case asking the trial court to designate his second degree burglary conviction as a misdemeanor under section 1170.18, subdivision (f). Jones requested a hearing under section 1170.18, subdivision (h). On April 20, 2015, Jones filed a motion for resentencing in this case.[3] Jones sought "an overall reduction in his sentence of one year based on the reclassification of the 'prison prior' to a misdemeanor."

---

[2] At Jones's request, we take judicial notice of the minute order designating his prison prior conviction a misdemeanor. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).) The People do not oppose Jones's request.

[3] Jones's motion precedes the superior court's order designating the prison prior as a misdemeanor. Jones based the motion on his understanding that "opposing counsel appear to be in agreement that defendant is entitled to reclassification of this offense to misdemeanor status pursuant to Penal Code Section 1170.18 (f)-(n)."

On May 22, 2015, the superior court held a hearing.[4]  As the People concede, neither the parties nor the superior court mentioned Jones's petition to reclassify his second degree commercial burglary conviction as misdemeanor shoplifting at the hearing.  Nor did the superior court take evidence at the hearing.  Instead, the court heard argument limited to the issue of whether a prison prior enhancement must be stricken if the underlying conviction has been designated a misdemeanor under a separate section 1170.18 petition.  The trial court held "[t]he fact that the underlying offense has now been re-classified as a misdemeanor does not change the fact that the person, in fact, did serve a prior prison term.  And does not change the public policy arguments behind [section] 667.5(b), that a person who did serve a prior prison term deserves an enhanced sentence for that effect [*sic*], despite the fact that that underlying conviction has been reduced to a misdemeanor."  The trial court also rejected the objection that interpreting the statutes in that way violates equal protection.  The court concluded that for those reasons "the petition for resentencing to strike the prior prison term allegation and strike the one-year enhancement for that prior prison term allegation is denied."  In a minute order filed after the hearing, the superior court denied Jones's petition.

---

[4] The superior court heard consolidated argument in two cases on the issue.

6

**DISCUSSION**

## I.      Standard of Review

The interpretation of a statute is subject to de novo review on appeal. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.) We apply the same principles that govern statutory construction to interpret a voter initiative. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) "'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]'" (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) "In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008.) This appeal also requires us to decide whether the principles of equal protection require striking Jones's sentencing enhancement, a question we review de novo. (*Raef v. Appellate Division of Superior Court* (2015) 240 Cal.App.4th 1112, 1120.)

## II.     Motion to Strike the Prison Prior Enhancement

A.      *Proposition 47 does not provide for striking enhancements retroactively*

Jones contends the superior court erred by denying his motion to strike the one-year enhancement of his sentence based on a felony conviction in a prior case (No. FSB1302227) reclassified as a misdemeanor after his conviction was final and he had begun serving his prison sentence. We disagree.

Proposition 47 changed portions of the Penal Code to reduce certain theft-related offenses from felonies or wobblers to misdemeanors, unless the offenses were committed by certain ineligible offenders. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 also created a procedure making those changes available to offenders who had previously been convicted of reclassified offenses. (§ 1170.18; *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1217.)

The plain language of the section setting out the new procedures expressly allows offenders to seek redesignation of and resentencing on felony convictions that have become final. (§ 1170.18.) An offender "currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a).) An offender who has "completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under this act had [it] been in effect at the time of the offense, may file an application

8

before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

The focus of these procedures is redesignation of *convictions*, not enhancements. Neither procedure provides for either the recall and resentencing or the redesignation, dismissal, or striking of sentence enhancements. (§ 1170.18, subds. (a), (b), (f), (g).) No similar provision provides a process for offenders to seek to strike or otherwise redesignate sentencing enhancements. It follows that nothing in the language of section 1170.18 allows or even contemplates the retroactive redesignation, dismissal, or striking of sentence enhancements imposed in a final judgment entered before Proposition 47 passed, even where the offender succeeds in having the underlying conviction itself deemed a misdemeanor.

Jones contends section 1170.18, subdivision (k) provides the statutory basis for altering sentencing enhancements. That subdivision states "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*." (Italics added.) According to Jones, since the conviction underlying his prison prior was deemed a misdemeanor, subdivision (k) required the superior court (and requires us) to treat the offense as a misdemeanor for all purposes, including "for the purpose of [the] prison prior enhancement." Imposing a sentence enhancement under section 667.5, subdivision (b) requires proof the defendant was previously convicted of a felony. (*In re Preston*

9

(2009) 176 Cal.App.4th 1109, 1115.)  Thus, Jones argues, his prior conviction—now a misdemeanor—no longer supports imposing the enhancement.

We assume, without deciding, that subdivision (k) bars a post-Proposition 47 sentencing court from imposing a section 667.5, subdivision (b) enhancement based on a prior felony conviction that has been redesignated as a misdemeanor.  It does not follow, however, that subdivision (k) allows the courts to strike prison prior enhancements imposed prior to Proposition 47 based on prior convictions redesignated as misdemeanors after judgment and sentence have become final.  The first case involves the *prospective* application of section 1170.18, subdivision (k).  The second case, which describes Jones's situation, involves its *retroactive* application.  We conclude subdivision (k) does not apply retroactively.

No part of the Penal Code is retroactive, unless it expressly so declares. (§ 3; *People v. Brown* (2012) 54 Cal.4th 314, 319.) Proposition 47 does not contain a provision declaring its provisions automatically retroactive. Instead, it provides procedures making its provisions *available* retroactively to certain offenders who petition for resentencing or redesignation of their convictions. (§ 1170.18; *Alejandro N. v. Superior Court*, *supra*, 238 Cal.App.4th at p. 1217 ["By adding section 1170.18 to the Penal Code, the Proposition 47 voters made this felony-to-misdemeanor reclassification *available* to qualifying offenders on a retroactive basis"], italics added.) Thus, Proposition 47 has retroactive effect only to the extent section 1170.18 provides a procedure to petition for reclassification or resentencing.

As we conclude above, section 1170.18 provides no such procedure for the retroactive dismissal or striking of enhancements. Absent express language in section 1170.18 allowing the redesignation, dismissal, or striking of past sentence enhancements, we cannot infer voters intended the Act to apply retroactively to past sentence enhancements. As a result, the direction of section 1170.18, subdivision (k) that any redesignated conviction "shall be considered a misdemeanor for all purposes," applies, at most, prospectively to preclude future or non-final sentence enhancements based on felony convictions redesignated as misdemeanors under Proposition 47.

We conclude section 1170.18, subdivisions (a), (b), (f), and (g) explicitly allow offenders to request and courts to grant retroactive designation of offenses such as Jones's prison prior, but no provision allows offenders to request or courts to order

11

retroactively striking or otherwise altering an enhancement based on such a redesignated prior offense. Absent such an express provision, we cannot apply the statute retroactively.[5] (§ 3.)

B. *Equal protection does not require retroactive striking of enhancements*

Jones contends refusing to strike the prison prior enhancement retroactively violates his right to equal protection of the laws. (U.S. Const., 14th Amend., § 1 ["No state shall . . . deny to any person within its jurisdiction the equal protection of the laws"]; Cal. Const., art. I, § 7 ["A person may not be . . . denied equal protection of the laws"].) We disagree.

"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) If the state has adopted such a classification, the courts review it under a level of scrutiny adjusted according to the nature of the distinction the law makes between groups of

---

[5] Our holding is limited to the retroactive application of section 1170.18 and does not imply a superior court may impose an enhancement based on a prison prior reclassified before the court imposes the sentence. (See *People v. Abdallah* (2016) 246 Cal.App.4th 736; see also Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016) p. 94-95, at < http://www.courts.ca.gov/ documents/Prop-47-Information.pdf > [as of June 27, 2016] ["[C]hanging the sentence of one count fairly puts into play the sentence imposed on non-Proposition 47 counts, at least to the extent necessary to preserve the original concurrent/consecutive sentencing structure. *The purpose of section 1170.18 is to take the defendant back to the time of the original sentence and resentence him with the Proposition 47 count now a misdemeanor*"].)

people. If the law makes distinctions based on suspect classifications or impacts exercise of a fundamental right, the court will uphold the law only if it is necessary to advancing a compelling state interest. (*People v. Silva* (1994) 27 Cal.App.4th 1160, 1167.) Other legal distinctions are permissible provided they bear a rational relationship to a legitimate state purpose. (*Ibid.*)

Jones contends our interpretation of section 1170.18 creates two similarly situated groups, members of which will be treated differently under the law.[6] Jones suggests "a defendant who is serving a prison sentence for violating section 666 is eligible for relief under section 1170.18" whereas "a defendant who is serving an additional year of custody under section 667.5, subdivision (b)" for the same offense would not be eligible for relief. We do not understand how the class of offenders who violated section 666 are situated similarly to Jones. At the time Jones committed his offenses, section 666 imposed increased punishment only for offenders who had *three* or more qualifying prior convictions. (§ 666, subd. (a), Stats. 2010, ch. 219 (Assem. Bill No. 1844), § 15, eff. Sept. 9, 2010, italics added.) Proposition 47 amended section 666 by requiring only one qualifying prior conviction, but limited its application to offenders who are "required to

---

[6] Jones also contends we should apply strict scrutiny "because personal liberty is a fundamental right." However, our Supreme Court has rejected that position, concluding that "subject[ing] all criminal classifications to strict scrutiny requiring the showing of a compelling state interest" would "'intrude[ ] too heavily on the police power and the Legislature's prerogative to set criminal justice policy.'" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)

13

register pursuant to the Sex Offender Registration Act, or who ha[ve] a prior violent or serious felony conviction" under section 667, subdivision (e)(2)(C). (§ 666, subd. (b).) In addition, an offender convicted of petty theft with priors faced a maximum sentence of three years in state prison (§§ 666, 18), instead of six months in county jail (§ 490). A defendant who committed the same crime, but pled guilty (as Jones did in this case) to felony second degree commercial burglary (§ 459) and admitted serving a prison prior (§ 667.5, subd. (b)), faced a sentence of up to three years in state prison for the burglary (§§ 461, subd. (b), 1170, subd. (h)) and an additional year for the enhancement (§ 667.5, subd. (b)). Thus, the defendants Jones posits would face different sentences even before application of Proposition 47.

In any event, the California Supreme Court has held "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson*, *supra*, 33 Cal.4th at p. 838.) The same reasoning applies to Proposition 47's provision for the possibility of sentence reduction for a defendant whose sentence was increased under section 666, but not one whose sentence was enhanced under section 667.5, subdivision (b). Absent a showing that a particular defendant "'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation." (*People v. Wilkinson*, *supra*, at p. 839.) Jones has made no such showing.

Nor does the sentencing disparity violate equal protection for treating defendants who *have yet* to be sentenced and have a prison prior where the underlying conviction has been reduced to a misdemeanor differently from defendants who *are* serving or *have* served a prison sentence under a judgment imposing a prison prior enhancement based on a redesignated offense. "A refusal to apply a statute retroactively does not violate the Fourteenth Amendment." (*People v. Aranda* (1965) 63 Cal.2d 518, 532, superseded by statute on another ground as recognized in *People v. Capistrano* (2014) 59 Cal.4th 830, 868, fn. 10.) Equal protection principles do "not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." (*Sperry & Hutchinson Co. v. Rhodes* (1911) 220 U.S. 502, 505.) Furthermore, because prospective sentencing changes presumably recognize "legitimate . . . concerns associated with the transition from one sentencing scheme to another," applying the Act prospectively but not retrospectively bears a rational relationship to the legitimate state interest of transitioning from the old sentencing scheme to the new sentencing scheme. (*People v. Floyd* (2003) 31 Cal.4th 179, 191) Consequently, we conclude Jones has not shown the superior court's refusal to strike his sentence enhancement retroactively violated his right to equal protection of the laws.

### III.    Petition for Resentencing on the Burglary Conviction

Jones contends the superior court erred by ruling summarily that he was not entitled to resentencing on his conviction for burglary of the Walgreens under new section 459.5.[7]  We agree.

Proposition 47 added section 459.5 to the Penal Code.  The new section provides: "(a)  Notwithstanding Section 459 [burglary], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary."  Except in the cases of offenders with specified serious prior convictions, section 459.5 directs "[s]hoplifting *shall* be punished as a *misdemeanor*."  (§ 459.5, subd. (a), italics added.)  Subdivision (b) further directs "[a]ny act of shoplifting as defined in subdivision (a) *shall* be *charged as shoplifting*" and that "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property."  (§ 459.5, subd. (b), italics added.)

Under section 459.5, subdivision (a), Jones would be entitled to resentencing for misdemeanor shoplifting if the items he stole did not exceed $950 in value.  The police incident report related to Jones's burglary arrest indicates he was arrested because he

---

[7]  Jones also contends the superior court intended to grant his petition and denied it inadvertently.  However, the record on appeal establishes only that Jones believed the superior court had granted the petition.

16

"walked into the Walgreens business and placed miscellaneous items into his pants pockets and waistband and walked out of the business without paying for them." According to the report, Jones stole three packages of Dove body wash and one 6-pack of Dove body soap. Together, these items were worth $35.46. This information appears to establish Jones "would have been guilty of a misdemeanor" had section 459.5 "been in effect at the time of the offense." (§ 1170.18, subds. (a), (f).) If the police report is credited, his offense is a classic case of shoplifting and the superior court should have reclassified his conviction.

Jones filed his petition for resentencing under section 1170.18, subdivision (f) and requested a hearing to determine his eligibility. Given such a request, the trial court was required to provide a hearing. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 311; § 1170.18, subd. (h) ["Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)"].) According to the record, the superior court held a hearing, but the issue of reducing the second degree burglary conviction to a misdemeanor conviction was never addressed. Further, the trial court never indicated its intention to deny the petition with respect to the commercial burglary count, despite the agreement of the parties that defendant was entitled to relief. Defendant was thereby denied any opportunity to address the reasons leading the court to its conclusion. The trial court's course of action effectively denied Jones a hearing on his petition for resentencing his commercial burglary conviction.

17

We do not hold the superior court may never summarily deny a resentencing petition. However, when a defendant has requested and is statutorily entitled to a hearing, the superior court must hold a hearing and give the defendant a fair opportunity to make his case. That did not happen here.

## DISPOSITION

We reverse the order to the extent it denied Jones's petition for resentencing on count 1, affirm the order to the extent it denied his motion to strike the prison prior enhancement, and remand for further proceedings consistent with this opinion.

CERTIFIED FOR PUBLICATION


SLOUGH _____
                                                                          J.


We concur:


HOLLENHORST_____
            Acting P. J.


MILLER_____
                J.


18