Filed 8/17/16  P. v. Coleman CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B269140 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA393812 |
| NATHANIEL COLEMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Norman J. Shapiro, Judge.  Affirmed.

Tracy L. Emblem, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Nathaniel Coleman pled no contest to three felony weapons charges and admitted suffering prior felony convictions. Pursuant to the agreed disposition, the trial court sentenced him to six years in state prison. However, the court suspended execution of the sentence and placed defendant on three years formal probation. While on probation in this case, defendant was charged in another case with selling cocaine. As a result, the court summarily revoked his probation. After defendant was found in violation of probation, the court imposed the six-year suspended prison term. Defendant's appellate counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm the judgment.

## PROCEDURAL BACKGROUND

By information filed on April 6, 2012, defendant was charged with possession of firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); count 1), having a concealed weapon (§ 25400, subd. (a)(2); count 2), and carrying a loaded handgun (§ 25850, subd. (a); count 3). The information also alleged that defendant had suffered three prior felony convictions under section 667.5, subdivision (b), and a serious or violent felony or juvenile adjudication under section 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through (i).

On June 18, 2013, defendant pled no contest to all three felony counts as alleged in the information. He also admitted suffering three prior felony convictions and the prior strike. Before accepting his plea, the court warned defendant: "I'm going to suspend six years state prison over your head but you need to understand if you do anything while on probation, even the smallest tiniest little thing, I will send you to prison." The court sentenced defendant to a total of six years in state prison, suspended execution of the sentence, and placed him on formal probation for three years. The suspended sentence reflected the upper term of three years for count 1, and three one-year prison terms for the section 667.5, subdivision (b) prior convictions. The

---

[1]     All undesignated statutory references are to the Penal Code.

2

sentences for counts 2 and 3 were stayed under section 654. The court dismissed the prior strike.

On July 15, 2015, defendant was arrested and charged with selling cocaine base in another case. As a result, the court revoked defendant's probation pending a probation violation hearing. Although he was acquitted of selling cocaine base, on October 30, 2015 the court found defendant in violation of probation based on a preponderance of the evidence. The court then imposed the six-year suspended prison term.

Defendant filed a timely notice of appeal from the October 30, 2015 execution of sentence after he was found in violation of probation. We appointed counsel to represent him on appeal. On May 17, 2016, defendant's appellate counsel filed a *Wende* brief. On May 25, 2016, defendant filed a letter brief. He contends that his sentence should be reduced under Proposition 47 because two of the three prior felony convictions used to enhance his sentence now qualify as misdemeanors.

## DISCUSSION

The trial court in this case imposed a six-year sentence on June 18, 2013, but suspended execution of that sentence so that defendant did not have to serve it while on probation. If defendant had completed probation successfully, the prison sentence would never have been served. However, once his probation was revoked, the court had no authority to impose a lesser sentence. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1095.)

Even if the court had discretion to modify defendant's sentence after his probation was revoked, there is no basis to reduce that sentence because some of his prior felony convictions now qualify as misdemeanors under Proposition 47. First, the challenged sentence in this case was imposed in June 2013, and Proposition 47 did not become effective until November 5, 2014. (See Cal. Const., art. 2, § 10, subd. (a) [statutes enacted by initiative take effect the day after the election unless the measure provides otherwise].) Proposition 47 does not retroactively invalidate the prior conviction enhancements. (*People v. Jones* (2016) 1 Cal.App.5th 221 [prison prior that

3

was valid when imposed is not retroactively reducible under Proposition 47]; see *People v. Feyrer* (2010) 48 Cal.4th 426, 438–439 [reduction to a misdemeanor "for all purposes" under § 17, subd. (b) does not apply retroactively].)

Second, Proposition 47 is not self-executing. (*People v. Curry* (July 28, 2016, A145922) 1 Cal.App.5th __ [2016 WL 4039775, *4].)  Instead, it creates a mechanism for the court that originally imposed a felony sentence on an eligible defendant to redesignate that conviction as a misdemeanor. (*Ibid.*; see *People v. Conley* (2016) 63 Cal.4th 646 [Prop. 36 reduction not automatic; defendant must follow statutory procedure].)  As relevant to this case, the Act provides that any defendant who has "completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, *may file* an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f) [emphasis added].)  If the defendant chooses to file a petition, and if the petition satisfies these criteria, "the court shall designate the felony offense or offenses as a misdemeanor." (*Id*. subd. (g).)  *At that point*, the conviction "shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under [the chapter prohibiting firearm access by certain narcotics offenders]." (*Id.* subd. (k).)  In short, relief is optional.  A defendant must take affirmative steps to petition for reduction using the established statutory procedure. (*People v. Curry*, *supra*, at pp. *4–6.)  Here, there is no evidence that defendant or his counsel sought to reduce any of his prior felony convictions from 2001, 2005, and 2008 before he was sentenced in this case in 2013.

Finally, to the extent defendant is suggesting that his trial counsel was ineffective for failing to file Proposition 47 petitions in his other felony cases, the record in this case does not contain sufficient information for us to determine whether counsel's performance was deficient.  For example, we do not know if trial counsel in this case was also defendant's attorney in the 2001, 2005, and 2008 cases.  The record also does

4

not reveal whether trial counsel coordinated with defendant's prior attorney, or whether counsel advised defendant to file a petition in propria persona. (See Couzens & Bigelow, "Proposition 47: The Safe Neighborhoods and Schools Act" (May 2016) pp. 72–73, at <http://www.courts.ca.gov/ documents/Prop-47-Information.pdf> [as of Aug. 10, 2016] [no right to appointed counsel to prepare the initial petition].)

## DISPOSITION

After reviewing the entire record, we affirm the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *Wende*, *supra*, 25 Cal.3d at p. 443.)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.