Filed 12/15/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOHN WILLIAM EVANS,

    Defendant and Appellant.

E064243

(Super.Ct.No. SWF1402787)

OPINION

APPEAL from the Superior Court of Riverside County. Judge Elaine M. Kiefer, Judge. Affirmed with directions.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant John William Evans appeals his 2015 sentence, arguing it improperly includes a one-year enhancement under Penal Code section 667.5, subdivision (b) (Section 667.5(b)) for an offense the trial court designated a misdemeanor shortly after imposing the enhancement. The People argue the sentence is lawful because the offense was a felony at the time the court imposed the enhancement and Proposition 47 does not apply retroactively to enhancements. While we agree Proposition 47 does not apply retroactively to enhancements, we conclude that, under the California Supreme Court's holding in *In re Estrada* (1965) 63 Cal.2d 740, 748 (*Estrada*), Proposition 47 applies to Section 667.5(b) enhancements in judgments that have not yet become final. Because the offense on which Evans's Section 667.5(b) enhancement was based is no longer a felony and his judgment is not yet final, Evans falls into the narrow class of offenders who are entitled to relief under *Estrada*. We therefore strike the enhancement from his sentence.

# I

## PROCEDURAL BACKGROUND

On February 9, 2015, a jury found Evans guilty of battery of a cohabitant (Pen. Code, § 243, subd. (e)(1)), abuse of a dependent adult (Pen. Code, § 368, subd. (c)), assault likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), and violation of a no contact order (Pen. Code, § 166, subd. (c)(1)). Evans admitted having a prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e)(1); 1170.12, subd. (c)(1)) and three prison priors (Pen. Code, § 667.5, subd. (b)). The prison prior at issue here is for a

2

2007 felony possession of a controlled substance conviction (Health & Saf. Code, § 1377, subd. (a)).

On April 17, 2015, the trial court granted Evans's request to continue sentencing to May 15, 2015. In advance of the continued sentencing hearing, Evans asked the court to strike his 2007 prison prior enhancement. The People opposed his request, arguing Proposition 47 does not apply to Section 667.5(b) prior prison term enhancements because such enhancements are meant to punish recidivists, regardless of the classification of the underlying offense at the time of sentencing. In the alternative, the People argued that even if Proposition 47 does apply to Section 667.5(b) enhancements, it does not apply to them retroactively. They pointed out Evans's 2007 drug conviction currently remained a felony because the hearing on his Proposition 47 reclassification petition was not scheduled to take place until May 29, 2015, several days after his sentencing hearing.

At the May 15, 2015 sentencing hearing, the trial court decided to continue the hearing again because "Mr. Evans has currently a petition to have that [2007 drug conviction] reduced pursuant to Prop. 47" and the court needed time to research Proposition 47's application to enhancements. The continued hearing took place on June 26, 2015. At the start of the hearing, the court noted it was unable to locate any information on the outcome of Evans's reclassification petition. Defense counsel added, "those [Proposition 47] cases just have been getting continued, and they haven't been getting resolved, so my guess is . . . there's going to be another status hearing in about a

3

month." The court refused to grant another continuance because sentencing had already been continued "several [times in] . . . the last six months." Defense counsel again requested the court strike the prison prior for his 2007 conviction on the ground the underlying offense now qualified as a misdemeanor under Proposition 47. The court thought the issue was "unclear," but ultimately agreed with the People that Evans's "status as a recidivist" warranted imposition of the enhancement. The court imposed a total term of nine years in prison, which included a one-year prison prior enhancement for the 2007 conviction. Less than a month after Evans filed his notice of appeal challenging his sentence, the trial court granted his Proposition 47 petition and designated his 2007 conviction a misdemeanor.[1]

## II

## DISCUSSION

Penal Code section 1170.18, subdivision (k) (Section 1170.18(k)) directs that any felony reclassified a misdemeanor under Proposition 47 "shall be considered a misdemeanor *for all purposes*." (Italics added.) Evans argues the phrase "for all purposes" includes for purposes of relief from Section 667.5(b) enhancements. The People agree Section 1170.18(k) provides relief from enhancements, but they argue the relief should be available only if the reclassification occurs *before* imposition of the enhancement. They argue Evans seeks an impermissibly retroactive application of

---

[1] We granted Evans's request to take judicial notice of a September 9, 2015 minute order showing the trial court granted his Proposition 47 petition.

Section 1170.18(k) because reclassification of his 2007 drug offense occurred *after* the court imposed the enhancement in his 2015 sentence. Evans contends he is entitled to the benefits of Section 1170.18(k) because his 2015 sentence is not yet final.

This case therefore asks us to decide whether the benefits of Section 1170.18(k) apply to non-final judgments. Before we can answer this question, however, we must first determine whether section 1170.18[2] provides relief from enhancements at all. Although the People concede Section 1170.18(k) provides prospective relief from enhancements, we must undertake an independent review of Proposition 47, applying the same principles that govern statutory construction. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916; *People v. Rizo* (2000) 22 Cal.4th 681, 685.)

### A. *Section 1170.18(k) Applies Prospectively to Enhancements*

Proposition 47 changed portions of the Health and Safety and Penal Codes to reduce certain drug possession and theft-related offenses from felonies or wobblers to misdemeanors, unless the offenses were committed by certain ineligible offenders. The initiative also created a petitioning procedure designed to allow offenders who had previously been convicted of reclassified offenses to have their convictions designated misdemeanors and their sentences reduced. (Pen. Code, § 1170.18, subds. (a), (b), (f), & (g); *People v. Jones* (2016) 1 Cal.App.5th 221, 228 (*Jones*).) The plain language of the initiative made those changes retroactive, that is Proposition 47 "allows offenders to seek

---

[2] Undesignated statutory citations refer to the Penal Code.

redesignation of and resentencing on felony convictions" even if they "have become final." (*Jones*, at p. 228.)

The plain language of Proposition 47 also explicitly anticipates misdemeanor reclassification will affect the collateral consequences of felony convictions. Among other things, suffering a felony conviction may result in the offender losing the right to vote (Elec. Code, § 2101), losing the right to own or possess a firearm (Pen. Code, § 29800, subd. (a)(1)), being required to provide biological samples to law enforcement for identification purposes (Pen. Code, § 296, subd. (a)(1)), and, if the offender is convicted of a felony in the future, losing probation as a sentencing option (Pen. Code, § 1203, subd. (e)) and being exposed to sentence enhancements (Pen. Code, § 667.5, subd. (b)). To ensure qualified offenders gain relief from those collateral consequences, Section 1170.18(k) directs "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm." (Italics added.)

Section 1170.18(k)'s "for all purposes" language is broad, indicating the voters intended it to apply to all collateral consequences except firearm possession. (*Hisel v. County of Los Angeles* (1987) 193 Cal.App.3d 969, 974 [statement of a "specific exception[] implies the exclusion of others"].) In *People v. Abdallah* (2016) 246 Cal.App.4th 736 (*Abdallah*), our colleagues in Division Seven of the Second Appellate

6

District concluded Section 1170.18(k) reflects the voters' clear intention that—with the exception of firearm possession—reclassified misdemeanors be treated like any other misdemeanor offense, including for purposes of enhancements under section 667.5, subdivision (a). (*Abdallah*, at p. 746 ["Once the trial court recalled Abdallah's 2011 felony sentence and resentenced him to a misdemeanor, section 1170.18, subdivision (k), reclassified that conviction as a misdemeanor 'for all purposes' "].) The *Abdallah* court held the defendant's one-year enhancement was improper because the trial court imposed it after the underlying felony had been reclassified. (*Ibid.* [holding trial court erred by imposing enhancement because "Abdallah was not a person who had committed 'an offense which result[ed] in a felony conviction' "].) We agree with *Abdallah's* interpretation that Section 1170.18(k) prohibits a court from imposing an enhancement based on an offense that has already been reclassified a misdemeanor.

This interpretation finds support in section 17, subdivision (b) (Section 17(b)), which contains similar language directing a crime designated a misdemeanor "is a misdemeanor for all purposes." Section 17(b) addresses when a crime that can be punished as a felony or a misdemeanor (a wobbler) must be treated as a misdemeanor. The statute directs that an offense "is a misdemeanor for all purposes" when, among other circumstances, "the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(3).) The California Supreme Court has interpreted that language to mean once

7

a court designates a wobbler offense a misdemeanor, "the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature [or electorate] has specifically directed otherwise." (*People v. Park* (2013) 56 Cal.4th 782, 795 (*Park*).) In *Park*, the trial court enhanced a sentence by five years because the offender had suffered a prior serious felony conviction. However, the court presiding over the prior case had reduced the felony conviction to a misdemeanor under Section 17(b) before the defendant had committed the present offense. (*Park*, at p. 787.) The Supreme Court held "when the court in the prior proceeding properly exercised its discretion by reducing the [felony] conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony . . .* and could not be used . . . to enhance defendant's sentence." (*Ibid*.)

We reach the same conclusion here. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1269, fn. 6 [recognizing "the rule of statutory construction that identical language appearing in separate statutory provisions should receive the same interpretation when the statutes cover the same or analogous subject matter"].) Imposing a one-year enhancement based on a prison prior under Section 667.5(b) requires proof defendant (1) was convicted of a felony, (2) was imprisoned as a result, (3) completed the term of imprisonment, and (4) did not remain free for five years of prison custody and committing a new offense that resulted in a felony conviction. (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115.) Once the trial court granted Evans's petition, "section 1170.18, subdivision (k) reclassified that conviction as a misdemeanor 'for all purposes' " and he

8

no longer satisfied the first element of Section 667.5(b). (*Abdallah*, *supra*, 246 Cal.App.4th at p. 746.)

B. *Section 1170.18(k) Applies to Non-Final Enhancements*

The People argue our conclusion applies Section 1170.18(k) retroactively because Evans's 2007 offense was not reclassified until after the trial court imposed the enhancement in his 2015 sentence. We recently held in *Jones* that Proposition 47 does not allow "the courts to strike prison prior enhancements imposed prior to Proposition 47 based on prior convictions designated as misdemeanors after judgment and sentence have become final." (*Jones*, *supra*, 1 Cal.App.5th at p. 229.) However, Evans does not ask us to depart from the holding in *Jones*. Evans asks us to recognize only that petitioners whose sentences *are not yet final* when their underlying felony is reclassified may receive the benefits of Section 1170.18(k). The California Supreme Court's holding in *Estrada* supports Evans's argument.

Under *Estrada*, when an amendatory statute mitigates punishment, contains no saving clause, and "becomes effective prior to the date the judgment of conviction becomes final," then "[that statute] and not the old statute in effect when the prohibited act was committed, applies." (*Estrada*, *supra*, 63 Cal.2d at pp. 744, 748.) Under this long-settled precedent, the "key date" in deciding whether a defendant receives the benefit of the statutory change is "the date of final judgment." (*Id.* at p. 744.) "A judgment becomes final when the availability of an appeal and the time for filing a

9

petition for certiorari [with the United States Supreme Court] have expired." (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1465.)

The *Estrada* rule is based on legislative intent. "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply *to every case to which it constitutionally could apply*. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Estrada*, *supra*, 63 Cal.2d at p. 745, italics added.) The Supreme Court noted the Legislature could indicate a desire that a defendant be punished under the law in existence at the time the offense was committed by enacting a saving clause spelling out such an intent, but held "[i]f there is no saving clause [the defendant] can and should be punished under the new law." (*Ibid.*)

The same principles guide our interpretation of successful ballot initiatives. (*Park*, *supra*, 56 Cal.4th at p. 796.) As we discussed in part II.A., *ante*, Section 1170.18(k) shows the voters specifically anticipated reclassification would have collateral effects and directs that a reclassified offense "shall be considered a misdemeanor for *all* purposes." (Italics added.) This language is broad and not limited by a saving clause that would indicate the voters intended offenders should continue being punished under the old law.

10

The plain language of the statute therefore indicates the voters intended offenders should be able to avoid punishment for reclassified offenses imposed through Section 667.5(b) enhancements, so long as they are not subject to final judgment. Consistent with this understanding, the statute specifies it does not apply to convictions or sentences that are subject to final judgment. (§ 1170.18, subd. (n) ["Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act"].) We therefore conclude the electorate, in passing Proposition 47, determined the penalties for drug possession crimes like Evans's were too severe and intended to reduce those penalties in every case to which the proposition constitutionally could apply. As a result, offenders may challenge prison prior enhancements based on reclassified convictions so long as the enhanced sentence is not subject to a final judgment.

Here, Evans's 2015 sentence had not yet been imposed when he sought to take advantage of Proposition 47 reclassification and reduce his 2007 felony drug conviction to a misdemeanor. He asked the trial court to wait to sentence him until after the hearing on his reclassification petition, but the court did not do so. By the time the trial court granted his petition, his sentence had already been imposed but it was not yet final because it was on appeal to this court. Thus, Proposition 47 provided a means for Evans to mitigate punishment, and he successfully took advantage of that procedure before his

11

sentence became final.[3]  Evans's request that we correct his sentence on appeal therefore does not seek to apply Proposition 47 in a retroactive manner not approved by the voters.

At oral argument, the People argued the *Park* decision supports the contrary view based on dicta indicating a defendant whose prior felony sentence the court reduced to a misdemeanor under Section 17(b) "would be subject to the . . . enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor."  (See *Park*, *supra*, 56 Cal.4th at p. 802.)  The People contend this language shows Evans is not entitled to relief because he committed and was convicted of his 2015 offenses before the court reclassified his 2007 offense.  *Park* does not support such a conclusion.

As we discussed above, the *Estrada* rule applies to Section 1170.18(k) because Proposition 47 expresses the electorate's determination that we have punished a class of offenders too harshly.  That determination implies the benefits of Proposition 47 "should apply to every case to which it constitutionally could apply," including to pending cases in which the judgment is not yet final.  (*Estrada*, *supra*, 63 Cal.2d at p. 745.)

---

[3]  The People contend *Estrada's* holding does not apply here because the sentence for Evans's 2007 felony drug offense has long been final.  The People misunderstand the finality aspect of the *Estrada* analysis.  The key date is when the sentence including the enhancement becomes final (i.e., Evans's 2015 sentence), not when the sentence for the offense supporting the enhancement became final.

12

Section 17(b) is different. As the *Park* court explained at length, Section 17(b) recognizes incarceration in state prison may not be appropriate for some defendants—not a class of offenders—who commit wobbler offenses. (*Park*, *supra*, 56 Cal.4th at p. 790.) To address this concern, the provision invests the trial court with discretion to designate wobbler offenses misdemeanors if doing so would be more likely to rehabilitate the particular offender. (*Ibid*.) Thus, Section 17(b) is *not* a provision expressing the electorate or Legislature's determination "that its former penalty was too severe and that a lighter punishment is proper." (*Estrada*, *supra*, 63 Cal.2d at p. 745.) Rather, Section 17(b) intentionally and explicitly leaves that judgment up to the trial court. The *Estrada* rule therefore does not apply to Section 17(b) and the Supreme Court's discussion of that provision in *Park* could not implicate, much less answer, the question we face here.

The People's argument is wrong for the additional reason that *Park* does not address retroactivity at all. As discussed above, *Park* involved the *prospective* consequence of the trial court's decision to designate the defendant's wobbler offense a misdemeanor. (*Park*, *supra*, 56 Cal.4th at p. 787 ["when the court in the *prior proceeding* properly exercised its discretion by reducing the [felony] conviction to a misdemeanor, that offense . . . could not be used [thereafter] . . . to enhance defendant's sentence"].) We therefore conclude the People's reliance on *Park* to avoid the application of the *Estrada* rule is doubly misguided.[4] (See *People v. Jenkins* (2010) 50

---

[4] We are aware some courts have accepted the People's argument that *Park* precludes applying Section 1170.18(k) to enhancements in non-final sentences. In our view, these cases are wrongly decided because, as explained, *Park* did not involve

*[footnote continued on next page]*

Cal.4th 616, 684 [" 'The holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating the issue before it or its holding or in its reasoning' "].)

Finally, the People argue imposition of the enhancement remains appropriate despite reclassification on the ground the enhancement is meant to punish Evans for his recidivism, not for the underlying offense. This argument contravenes the language of Section 667.5(b), which makes suffering a felony conviction a necessary requirement for imposing the enhancement. Contrary to the People's view, Section 667.5(b) is not intended to punish any and all recidivists. It is reserved only for those who have committed a *felony*, served a prison term, and reoffended. (§ 667.5, subd. (b) [authorizing enhancement *only if* the offender has a felony conviction *and* has served a term of imprisonment as a result]; *In re Preston*, *supra*, 176 Cal.App.4th at p. 1115.) With the passage of Proposition 47, the voters have determined Evans's 2007 drug offense never should have been a felony. One consequence of this policy judgment is that Evans no longer is the type of recidivist Section 667.5(b) was enacted to punish.

---

*[footnote continued from previous page]*
application of an ameliorative amendment to the Penal Code under the *Estrada* rule and did not involve retroactive application of Section 17(b). In any event, these cases have been taken up for review by the Supreme Court and depublished.

## III

## DISPOSITION

We strike the one-year prison prior term based on Evans's 2007 conviction and direct the trial court to issue an amended abstract of judgment reflecting a modified sentence for a total of eight years in prison and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

CERTIFIED FOR PUBLICATION


SLOUGH
                                                                                          J.

We concur:


RAMIREZ
                    P. J.


McKINSTER
                    J.

15