EPSTEIN, P. J.,
Dissenting.—I respectfully dissent.
The Safe Neighborhoods and Schools Act (Proposition 47), adopted by initiative in 2014, reduced certain drug possession and theft-related offenses from felonies or wobblers to misdemeanors, which carry lower punishment. The initiative created a procedure that allows those who were convicted of a reclassified felony to petition to recall their sentences, even after their sentences have become final, and have their convictions redesignated as misdemeanors and their sentences reduced. (Pen. Code, § 1170.18, subds. (a), (b);[1] People v. Rivera (2015) 233 Cal.App.4th 1085, 1092 [183 Cal.Rptr.3d 362] (Rivera).) Proposition 47 also allows those who have completed their sentences for a reclassified felony to petition the trial court to reduce their prior conviction to a misdemeanor. (§ 1170.18, subds. (1), (g); Rivera, at p. 1093.) The initiative provides that once a felony conviction is recalled and resentenced as a misdemeanor under section 1170.18, subdivision (b) or redesignated as a misdemeanor under subdivision (g) of section 1170.18, the conviction ‘“shall be considered a misdemeanor for all purposes,” with certain exceptions related to firearms. (§ 1170.18, subd. (k).)
In applying its provisions, the ‘“act shall be liberally construed to effectuate its purposes.” (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of *827 Prop. 47, § 18, p. 74.) Beyond that, the common law rule of strict construction does not apply to penal statutes. (§ 4.) Criminal statutes are to be “construed . . . with a view to effect its objects and to promote justice.” (Ibid.) This is particularly true with respect to ameliorative statutes such as this one. Proposition 47 and other penal provisions that are aimed at complex social problems require a practical construction without overrefined inquiries into the meanings of words. “ ‘Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible.’ ” (People v. Kennedy (1937) 21 Cal.App.2d 185, 193 [69 P.2d 224].) Further, Diaz raises a substantial argument that using a reclassified misdemeanor to support a section 667.5, subdivision (b) (667.5(b)) enhancement would violate his constitutional right to equal protection. If reasonably possible, an initiative should be construed in a manner that avoids a serious constitutional question. (See People v. Engram (2010) 50 Cal.4th 1131, 1161 [116 Cal.Rptr.3d 762, 240 P.3d 237], and cases cited.)
In this case, the People are appealing the December 3, 2015 order granting respondent Mark Diaz’s petition for writ of habeas corpus. The trial court struck a one-year prior prison term enhancement (§ 667.5(b)) and resentenced Diaz in light of the August 18, 2015 reduction of the underlying conviction on section 666 to a misdemeanor. My colleagues conclude that Diaz is not entitled to relief because the judgment had become final before the underlying conviction was reclassified. I do not agree. In my view, the judgment was not yet final when the order granting the petition to reduce the prior conviction was filed.
The significance of a final judgment is that “offenders may challenge prison prior enhancements based on reclassified convictions so long as the enhanced sentence is not subject to a final judgment.” (People v. Evans (2016) 6 Cal.App.5th 894, 903 [211 Cal.Rptr.3d 761] (Evans).) According to Evans, if an underlying felony is reclassified as a misdemeanor before there is a final judgment, the enhancement may be stricken under section 1170.18, subdivision (k) and In re Estrada (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948] (Estrada). (Evans, at p. 903.)
In determining when the judgment in this case became final, the following dates are relevant:
— May 14, 2013 Defendant was convicted of possession of a firearm by a felon (§ 29800, subd. (a)(1)). (L.A. County Super. Ct. No. BA404022 (this case).)
*828 — February 25, 2014 Defendant was sentenced in this case to a term of six years in prison. He received the midterm of two years, doubled to four years based on a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), with two 1-year prior prison term enhancements under section 667.5(b). One of the section 667.5(b) enhancements was based on a 2009 conviction in San Bernardino of section 666, petty theft with a prior theft-related conviction. (People v. Diaz (Super. Ct. San Bernadino County, No. FVI802222.)
— April 28, 2014 Defendant filed a notice of appeal from the judgment of conviction in this case. (People v. Diaz (Super. Ct. L.A. County, 2015, No. B255951).)
— November 4, 2014 While the B255951 appeal was pending, Proposition 47 was adopted by California voters and took effect the following day, November 5, 2014. (See Rivera, supra, 233 Cal.App.4th at p. 1089.)
— July 28, 2015 In the B255951 appeal, we held that we have no authority to provide the relief afforded by Proposition 47 in the first instance, and that Diaz must apply to the sentencing court for relief. (People v. Diaz (2015) 238 Cal.App.4th 1323, 1335-1336 [190 Cal.Rptr.3d 479].)
— August 18, 2015 Pursuant to Proposition 47, the San Bernardino County Superior Court reduced Diaz’s prior conviction of section 666 to a misdemeanor and resentenced him in that case to 180 days in county jail with credit for that time. (No. FVI802222.)
— September 2, 2015 Based on the San Bernardino County Superior Court order granting this relief, defendant filed a petition for writ of habeas corpus in this court (In re Diaz (Super. Ct. San Bernadino County, 2015, No. B266518)), seeking to strike the section 667.5(b) enhancement.
*829 — September 8, 2015 We issued an order to show cause and transferred the habeas corpus petition to the Los Angeles County Superior Court. We ordered the Director of the Department of Corrections and Rehabilitation to show cause “before the superior court, when the matter is placed on calendar, why petitioner’s sentence enhancement under Penal Code section 667.5(b) should not be stricken and petitioner re-sentenced in light of the recent reclassification of the underlying crime as a misdemeanor under Penal Code section 1170.18.” We also established a briefing schedule for the written return and the reply. (No. B266518.)
— October 1, 2015 We issued our remittitur in the No. B255951 appeal.
— December 3, 2015 The Los Angeles County Superior Court granted Diaz’s petition for writ of habeas corpus and struck the one-year section 667.5(b) enhancement based on the order of the San Bernardino County Superior Court reducing the prior section 666 conviction to a misdemeanor. It then resen-tenced defendant to five years in state prison, and, based on his 2,276 days of presentence credits, ordered that he be released from custody.
— December 7, 2015 The People filed a notice of appeal from the December 3, 2015 order granting the petition for writ of habeas corpus. (No. B269048.)
“ ‘A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari [with the United States Supreme Court] have expired.’ [Citation.]” (Evans, supra, 6 Cal.App.5th at p. 903.) Rule 13.1 of the United States Supreme Court Rules states that ‘“[u]nless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.” The 90-day period may be extended upon a showing of good cause. (U.S. Supreme Ct. Rules, rule 13.5.)
Assuming that the 90-day period for seeking certiorari review commenced on July 28, 2015 (the date the judgment of conviction was affirmed in the B255951 appeal), and expired on October 26, 2015 (the last date to seek *830 certiorari review without an extension), the judgment became final at the conclusion of that period. The reclassification of the underlying felony occurred on August 18, 2015, before the enhancement was subject to a final judgment. Since “Proposition 47 applies to Section 667.5(b) enhancements in judgments that have not yet become final” {Evans, supra, 6 Cal.App.5th at p. 898), Diaz is eligible for relief even though the enhancement was imposed before the effective date of the initiative.
The reason Diaz is eligible for relief is that “when an amendatory statute mitigates punishment, contains no saving clause, and ‘becomes effective prior to the date the judgment of conviction becomes final,’ then ‘[that statute] and not the old statute in effect when the prohibited act was committed, applies.’ (Estrada, supra, 63 Cal.2d at pp. 744, 748.)” (Evans, supra, 6 Cal.App.5th at pp. 902-903; see People v. Conley (2016) 63 Cal.4th 646, 656 [203 Cal.Rptr.3d 622, 373 P.3d 435] [discussing Estrada].) This rule, known as the Estrada rule, “is based on legislative intent. ‘When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final.’ (Estrada, supra, 63 Cal.2d at p. 745, italics added.) The Supreme Court noted the Legislature could indicate a desire that a defendant be punished under the law in existence at the time the offense was committed by enacting a saving clause spelling out such an intent, but held ‘[i]f there is no saving clause [the defendant] can and should be punished under the new law.’ [Citation.]” (Evans, supra, 6 Cal.App.5th at p. 903.)
Evans applied these principles to the directive in section 1170.18, subdivision (k) that a reclassified offense “shall be considered a misdemeanor for all purposes.” Not only was there no “saving clause that would indicate the voters intended offenders should continue being punished under the old law,” the plain language of the statute indicated that “the voters intended offenders should be able to avoid punishment for reclassified offenses imposed through Section 667.5(b) enhancements, so long as they are not subject to final judgment. Consistent with this understanding, the statute specifies it does not apply to convictions or sentences that are subject to final judgment. (§ 1170.18, subd. (n) [‘Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act’].)” (Evans, supra, 6 Cal.App.5th at p. 903.)
*831 Viewed in conjunction with subdivision (k) of section 1170.18, Evans concluded that the Estrada rule authorizes a challenge to a prior prison term enhancement based on a reclassified conviction, provided the enhanced sentence is not subject to a final judgment. (Evans, supra, 6 Cal.App.5th at p. 903.) Because the defendant’s sentence in Evans was not yet final when the prior conviction was reduced to a misdemeanor (the reduction was granted while the appeal from the judgment was still pending), there was no risk of applying “Proposition 47 in a retroactive manner not approved by the voters.” (Id. at p. 904.)
On the surface, this case is distinguishable from Evans in that the reduction of Diaz’s prior conviction was obtained after (and not during) the completion of the appeal from the judgment (No. B255951). But the difference is not material. The essential point is that in both Evans and this case, the order reducing the prior conviction was entered before the enhancement in the present case had become final. (See Evans, supra, 6 Cal.App.5th at pp. 903-904.)
Because the judgment was not yet final when the prior conviction was reduced to a misdemeanor, striking the enhancement is consistent with the intent of the California electorate. (Evans, supra, 6 Cal.App.5th at p. 904 [“the Estrada rule applies to Section 1170.18[, subdivision] (k) because Proposition 47 expresses the electorate’s determination that we have punished a class of offenders too harshly”].) In keeping with the Evans court’s determination that “the benefits of Proposition 47 ‘should apply to every case to which it constitutionally could apply,’ including to pending cases in which the judgment is not yet final” (Evans, at p. 904, quoting Estrada, supra, 63 Cal.2d at p. 745), I would affirm the order striking the enhancement.
The petition of respondent Robert Mark Diaz for review by the Supreme Court was granted May 10, 2017, S240888.

 All further undesignated statutory references are to the Penal Code.